*233 The opinion of the Court, was delivered by
IIoenelowee, C. J.
Collins sued Glover in the court for the trial of small causes, in an action of debt for one hundred dollars, for so much money overpaid by him to the defendant, for a quantity of stone which had been delivered by the defendant to the plaintiff. In his state of demand, the plaintiff distinctly alleges, that the money was paid by him to the defendant, “ at his request by mistake,” for a quantity of building stone, sold and delivered by the defendant to the plaintiff, estimated at that time to contain three hundred and fifty-eight and a half perches, at eighty cents a perch, and ninety-seven and a half perches, at sixty cents a perch: whereas in truth and in fact, there was a less quantity of stone, so that the payment thus made, was too much by one hundred dollars. On the 12th February, 1838, the cause was tried, and a verdict and judgment rendered for the plaintiff) for ninety-nine dollars, with costs. From that judgment Glover appealed, and the court of Common Pleas reversed the judgment of the Justice, and gave judgment for the appellee, (the plaintiff below,) for ninety-nine dollars of debt, with costs ; and that they have assessed the plaintiff’s damages by reason of the detention of the debt, at thirteen dollars and twenty-five ceñís over and above costs of increase, which are taxed at thirteen dollars and twenty-seven cents, amounting in the whole to twenty-six dollars and fifty two cents, &c.
The cause now comes before us upon these records, together with a state of the case, agreed upon by the parties, by which among other things, it appears, as testified by a witness on the part of Collins, the plaintiff below, that when Glover presented to Collins, his bill for the stone, Collins objected to paying any money, until the bridge, (for which the stone was used,) was finished and measured, as he was not satisfied with Boat measurement of the stone j that Glover then said, if Collins would pay him some money at that time, he would make it all right; that he was in want of money and would leave it to the head Engineer’s measurement, and would pay back all that he received over his measurement. It also appears, that Collins then paid Glover the full amount of his bill, as made out and presented by him on his own measurement of the quantity. It also ap *234 peared in evidence, that the quantity of stone, by wall measurement, as afterwards ascertained by the Engineer, was so much less than by boat measurement as had been charged by Glover, that he had received somewhere about one hundred dollars too much.
Upon this state of the case, the counsel for the plaintiff in Certiorari objects:
I. That the plaintiff below cannot recover as for money had and received to his use, or for money paid by mistake.
In support of this objection, the counsel cited several authorities ; and insisted, that the money was not paid by mistake, but on a special agreement; that the stone should be measured in the wall, by the Engineer after the bridge was finished, and that he should repay the excess, if any; that so far from paying the money, by mistake, he paid that precise sum, understandingly and by agreement, subject to a repayment of a part of it, upon a certain contingency; and that therefore, the plaintiff' ought to have sued upon the agreement and máde proper averments, to show himself entitled to recover.
But I do not think this exception well taken. The action of indebitatus assumpsit, is a favored action in the law; and generally, whenever a certain sum of money, or a sum, that may be rendered certain, is to be paid, upon the performance of a special agreement, or the happening of a certain event, it may be recovered in this form of action if the agreement has been executed, or the event taken place. The defendant was to pay the money if the measurement turned out to be less than he had charged for; and the moment the true measurement was ascertained, the excess became money in the hands of the defendant, which he had received and held for the use of the plaintiff. - It is true, the plaintiff in his state of demand, says, the money was'paid by mistake; but by statute we are restrained from reversing any judgment of a court for the trial of small causes, for any irregularity in the proceedings of such court not tending to defeat or impair the substantial rights or interests of the party seeking the reversal. Elm. Dig. 63 pl. 9. This if not strictly an irregularity in the proceedings of the court below, is clearly within the reason and equity of the statute; for I cannot perceive how the party can be prejudiced by it. The insertion of the words *235 “ by mistake ” in the state of demand, could not and did not mislead the defendant, for it sets out all the circumstances, and the substantial cause of action. It called for the same evidence and involved exactly the same inquiry, that an action on the special agreement, would have done : nor does it leave the defendant exposed to a second recovery; for no action eould be framed on the agreement, that this record would not bar.
The cases cited by counsel, do not in my opinion support his objection. In Gower v. Popkin, 2 Stark. R. 85, the plaintiff had paid an attorney’s bill without requiring a taxation, and it was held that he could not recover back the sum, which upon a subsequent taxation, it was found he had overpaid. Lord Ellen-borough said, “ if you once pay money to a party, it is your own voluntary act, and it cannot be recovered back again.” Admitting that case to have been rightly decided, it has no application to thi-s, for here the money was paid on an express understanding, that the excess, if any, was to be returned.
Milnes v. Duncan, 6 Barr, and Crees. 671, only shows what is not disputed, that money paid, under a mistake of the law, cannot be recovered back; but that a payment made, under a misapprehension offacts, may be recovered back, provided the party paying, was not chargeable with laches, in omitting to avail himself of the means of knowledge within his power at the time of making the payment. This case therefore, sheds no light upon the question before us.
In Brown v. McKinally, 1 Esp. R. 279, the plaintiff sought to recover back money which he had voluntarily paid, after a suit brought against him, and which he knew to be unfounded, saying at the time, that he paid it without prejudice, and meant to bring an action to recover it back again. In that case there was neither mistake nor agreement, and the plaintiff was rightly nonsuited at the trial.
These are all the cases cited by the plaintiff’s counsel, and they may be found, with many others in 2 Saund. onpl. and evid,„ p. 675, in margin : but none of them have any application to this case : they relate to the question, when money may be recovered back in assumpsit, as having, been paid by mistake; but none of them, nor any others that I can iind, go to establish the principle, that money cannot be recovered back in an action of indebi *236 talus assumpsit, where the payment was made under an agreement, that if upon a subsequent measurement of the article paid for, it should be ascertained that too much had been paid, the excess should be refunded. In my opinion therefore, this objection must fail.
II. It is objected, that there is error in the entry of the judgment, or rather, in the judgment itself.
That the judgment in the form in which it was first sent ap to .this court, was entirely erroneous, is not denied ; but it is insisted by the counsel for the defendant in Certiorari, that the court of Common Pleas, upon their affirmance of a judgment, on an appeal, may give a new and additional judgment for damages for the detention of the debt. This I confess, is a new idea to me, and one which after carefully considering the arguments of counsel and the cases cited by him, I cannot entertain.
The action, though styled by force of the statute, an action of debt, is in truth an action of assumpsit; and there is no doubt but upon an appeal in such an action, the Common Pleas, may reverse the judgment below, and give judgment for as much more as they think, upon the evidence in the case, the plaintiff ought then to receive; whether it be for so much more money due to the plaintiff at the time of the former judgment; or for interest upon the amount of the first judgment: provided however, such accumulation does not exceed one hundred dollars; for surely the Common Pleas cannot give judgment for more than the Justice could. The Common Pleas, are not in matters of appeal a court of Errors. 2 South R. 569; 5 Halst. R. 142; 4 Halst. R. 165; 3 Green R. 188; nor are they exercising their common law jurisdiction. They are acting under the authority of the act constituting courts for the trial of small causes, and are only, for the purpose of retrying the cause, substituted in the place of the Justice. They are on the appeal, limited to the same matters that are triable before the Justice, and to the same amount to which his judgment may extend, and no farther. The Common Pleas are to give such judgment as the court below ought to have given; 7 Halst. 367 ; nor can they give judgment for more than the plaintiff sued for below, 4 Halst. 319, and by consequence, they cannot in any form, give judgment for more than one hundred dollars, besides costs; that sum being the limit of the Jus *237 tiee’s jurisdiction, and all that a plaintiff can demand or recover in that court. It is true, after judgment, according to the long settled practice in this state, he may recover interest on that judgment; but the execution does not issue for interest, it issues only for the amount of the judgment and costs, and no more. The additional judgment then, for damages, for the detention of the debt, is erroneous. For the detention of what debt, were those damages given ? And from what time ? Was it for the debt found due by the Justice, and from the date of his judgment? That could not be, for the court had reversed that judgment, and consequently no debt was established against the defendant until a new judgment was given. In Error upon a judgment, we do not, in this court, when the judgment is affirmed, give such new judgment, nor make such assessment for the interest that has accrued on the original judgment. But the hardship of the ease, was pressed by counsel, and it was insisted that, a defendant against whom a recovery has been had for one hundred dollars, would find his advantage in appealing, as interest would cease to run pending the appeal. Be it so : we cannot alter the law; it is a hardship, if any, resulting from the constitution of the court, and can only be remedied by legislative interference.
I am therefore of opinion, that this second or additional judgment, in the shape of an assessment of damages for the detention of the debt, must be reversed and set aside; and that the residue of the judgment, stand affirmed; but without costs.
1SÍ. B. The execution issued in this case is in the same form as if out of the Justice’s Court. By what authority is this done0
Judgment for damages for detention of the debt, reversed. The residue affirmed without costs.